FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MOLLY H.,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL

SECURITY ADMINISTRATION,

        Defendant.

No. 1:25-CV-03167-SAB

**ORDER REVERSING THE**

**DECISION OF COMMISSIONER**

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying her application for social security benefits. Plaintiff is represented by Amy Gilbrough. The Commissioner is represented by Melissa DelGuercio and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 10, and the Commissioner's Brief, ECF No. 15.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for additional proceedings.

**I.**    **Jurisdiction**

On April 4, 2022, Plaintiff filed an application for disability benefits, as well as supplemental security income, alleging disability beginning December 31, 2020. Plaintiff's application was denied initially and on reconsideration. Plaintiff

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

requested a hearing and on August 6, 2024, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Timothy Anderson. Ronald Smith, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on July 24, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on September 23, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 38 years old. She is married and has three children. Her oldest children, ages 8 and 12, live with her parents because of her impairments. She cares for the youngest, a six-year old.

Plaintiff testified that on bad days, she copes by laying down and sleeping. She described her pain as being hit by a bus. She has bad days at least 50% of the week or month. She described being depressed and irritated, having trouble remembering, concentrating, processing information. She has difficulty communicating and struggles to leave the house. Her mind is filled with intrusive thoughts. She testified that she orders her groceries for delivery.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-30.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 21, 2020, the alleged onset date. AR 19.

At step two, the ALJ identified the following severe impairments: liver lesion; history of congenital right foot deformity; right chondromalacia patellae knee; migraine headaches; obsessive compulsive disorder (OCD); anxiety disorder; depression; post-traumatic stress disorder (PTSD); and bipolar disorder. AR 19. The ALJ found Plaintiff's impairments of gastritis and fibromyalgia to be nonsevere. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

the listed impairments. AR 20. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) except the claimant can lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; sit six hours out of an eight-hour day; stand and walk six hours out of an eight-hour day; frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently crouch; occasionally crawl; occasionally work around unprotected heights or moving mechanical parts; can perform simple and detailed tasks; can make simple and detailed work-related decisions; can occasionally interact with co-workers, supervisors, and the general public; and can deal with occasional changes in a routine work setting.

AR 21.

At step four, the ALJ found Plaintiff had no past relevant work. AR 29.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including mail clerk, bench assembler, and press machine operator. AR 29. Consequently, the ALJ found that Plaintiff was not disabled. AR 30.

## VI.  ISSUES

1.  Whether the ALJ conducted a proper Step Two Analysis?

2.  Whether the ALJ properly evaluated Plaintiff's subjective complaints?

## VII.  Discussion

### 1.  Step Two Analysis

The ALJ did not find Plaintiff's diagnosis of fibromyalgia to be a severe impairment because it concluded the symptoms or limitations stemming from fibromyalgia did not last or expect to last for a period of twelve months. This finding is not supported by substantial evidence of the record. The record shows that from April 2022 on, Plaintiff complained of knee pain, low back pain and hip pain. In May 2023, her provider began to suspect that given normal laboratory findings, Plaintiff likely had fibromyalgia. By September 2023, Plaintiff had

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

developed widespread joint pain. Dr. Rincon considered this pain, along with her chronic migraines, depression, anxiety, and alternating diarrhea/constipation to conclude that fibromyalgia is the likely diagnosis.[1] Moreover, while the ALJ found the state agency medical consultants' opinions persuasive, these reviewing physicians did not acknowledge that Plaintiff had been diagnosed with fibromyalgia.

The ALJ's Step Two analysis is not supported by the record, and consequently, the error at Step Two affected its credibility assessment, as well as the RFC and Step Five Analysis because the ALJ failed to properly account for Plaintiff's physical impairments.

### 2. Evaluation of Migraine Diagnosis

Plaintiff argues the ALJ erred when it failed to explain their conclusion that based on all the evidence, Plaintiff would have zero absences due to migraines and failed to provide clear and convincing reasons for rejecting her testimony about limitations due to migraines. The Court agrees.

The record shows that Plaintiff suffers from headaches and migraines. While Plaintiff's symptoms may have gotten better on medication, the improvement was that her sharp pains were minimized, but she was still having migraines at least five times a month. During a headache, she becomes nauseous and dizzy and needs to lie down.

The ALJ failed to provide clear and convincing reasons for rejecting her testimony that she was having a least one migraine a week that would cause her to be absent from work, which is consistent with her diagnosis and reports in the record.

//

---

[1] The ALJ was not provided Dr. Rincon's assessment, but it was provided to the Appeals Council.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 7**

**2.  Remand**

The ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence in the record. The ALJ erred in not considering Plaintiff's fibromyalgia to be a severe impairment and also erred in rejecting Plaintiff's testimony about her migraines without providing clear and convincing evidence for doing so. As such, it is necessary to remand this case for further consideration of the medical evidence and testimony concerning limitations from migraines and Plaintiff's diagnosis of fibromyalgia. The ALJ should further develop the record and conduct a new hearing.

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Opening Brief, ECF No. 10, is **GRANTED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 15, is **DENIED**.

3.    The decision of the Commissioner is reversed and remanded for additional proceedings consistent with this Order.

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 28th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8